DECISION. *Page 2 
{¶ 1} The state of Ohio appeals the trial court's judgment granting defendant-appellee Jason M. Garmon's motion to suppress evidence obtained pursuant to his arrest for operating a vehicle while under the influence of alcohol ("OVI"). The arresting officer did not observe Garmon operating the vehicle while impaired. But the facts and circumstances surrounding the arrest demonstrated an effectual temporal relationship between Garmon's operation and his intoxication. The officer thus had sufficient information, as a matter of law, to provide probable cause for the OVI arrest. Therefore, we hold that the trial court erred in granting the motion to suppress, and we reverse.
 The Facts {¶ 2} Sharonville Police Officer Brad Hondorf was dispatched to the scene of an "auto accident" on I-275 on January 2, 2008, at 9:33 p.m. The temperature outside was freezing, and the road conditions had been affected by some snow and possibly some ice. Officer Hondorf arrived at the scene about seven minutes after the dispatch and observed a black Chevrolet Corvette off the expressway, stuck in a ditch. The Corvette was not running or occupied. Garmon was on the scene, conversing with the occupants of a vehicle parked on the berm of the expressway. Garmon was dressed only in a sweatshirt and jeans. As Officer Hondorf approached Garmon, the other vehicle departed.
 {¶ 3} Officer Hondorf asked Garmon if he knew what had happened to the Corvette. Garmon told the officer that the Corvette had spun off the expressway when his girlfriend was driving, and that she had been driving because he had been drinking. Garmon indicated that he had consumed "about six drinks." Officer Hondorf noticed that Garmon's speech was slurred, his eyes were bloodshot and watery, and he smelled of alcohol. Officer Hondorf asked Garmon where his girlfriend was. Garmon stated that a "vehicle" had come by and taken her to the hotel where they were to stay the night. *Page 3 
 {¶ 4} Garmon then sat in Officer Hondorf s cruiser at the officer's request, while Officer Hondorf checked the Corvette for damage. Officer Hondorf did not see any damage to the Corvette, but was unable to see the car's undercarriage because it was stuck in mud. When he saw no footprints in the snow along the Corvette's passenger side, Officer Hondorf returned to the cruiser and asked Garmon how he had exited the Corvette without leaving his footprints on the ground by the passenger-side door. Garmon first replied that he had exited from the driver's side. But after more discussion, Garmon admitted that he had driven the Corvette off the road, and that his girlfriend had not been with him. Officer Hondorf arrested Garmon for OVI in violation of R.C. 4511.19(A)(1)(a) and placed him in handcuffs. He did not find keys to the Corvette on Garmon's person.
 {¶ 5} Officer Hondorf transported Garmon to the police station, where Garmon performed field-sobriety tests, took a breathalyzer test, and gave more incriminating statements after signing a Miranda form. He was charged with OVI in violation of R.C. 4511.19(A)(1)(h), in addition to the original OVI offense, and with failing to maintain reasonable control.
 {¶ 6} Garmon apparently filed a motion to suppress the evidence, but the motion does not appear in the record. At the suppression hearing, Officer Hondorf testified that he had arrested Garmon based on "the totality of the circumstances; the auto accident; his admission to me that he was driving; the odor of an alcoholic beverage; his slurred speech; his bloodshot, watery eyes; and his admission to drinking. And he also originally told me — when he said his girlfriend was driving the vehicle, he said she was driving because he had been drinking that night."
 {¶ 7} The court granted the motion to suppress after concluding that Officer Hondorf had lacked probable cause to arrest for OVI. The state challenges this judgment on appeal in its sole assignment of error. *Page 4 
 Standard of Review {¶ 8} Appellate review of a motion to suppress presents a mixed question of law and fact.[1] At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[2] An appellate court must accept a trial court's factual findings if competent, credible evidence supports them.[3] A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case.[4]
 Probable Cause {¶ 9} The standard for probable cause in this OVI case is whether, at the time of the arrest, Officer Hondorf had sufficient information, derived from a reasonably trustworthy source, of facts and circumstances sufficient to cause a prudent person to believe that Garmon had been driving under the influence of alcohol.[5] In making this probable-cause determination, we examine the "totality" of facts and circumstances surrounding the arrest.[6] Because Officer Hondorf did not observe Garmon operating the vehicle, the facts and circumstances must demonstrate an adequate relationship between the time of the operation and the time of intoxication.[7] Probable cause requires a showing of more than a "bare suspicion," but it requires less evidence than that required to support a conviction.[8]
 {¶ 10} Where factual issues are involved in determining a motion to suppress, the trial court shall state its essential findings on the record.[9] To that end, the trial court *Page 5 
stated, "There's one matter I just want to say before I issue this opinion, and that is, the officer testified that there was no keys at the scene of this accident. And I'm not even certain it was an accident. The car was off the road. The officer testified that there was no damage. Damage is what defines an accident. He can't speculate what was going on under the undercarriage. But the officer testified that the car was not operable. * * * [T]he officer never testified in this hearing there were any keys. I didn't hear him say there were keys. There were no further questions than that. There were no keys on the defendant, but he never said that he had the keys, the keys were in the car, the keys were on the ground, the keys were around. But, anyway, the motion to suppress is granted. Lack of probable cause to arrest for OVI * * *."
 {¶ 11} Importantly, the trial court did not disbelieve the officer's testimony that Garmon had admitted to driving the Corvette and to consuming "about six" alcoholic drinks, and that Garmon had exhibited signs of intoxication at the time of the arrest. Thus, the issue is this: are the facts and circumstances such that Officer Hondorf could have reasonably believed that there was a temporal relationship between the time of operation and the time of intoxication. In analyzing this issue, the trial court found that the lack of keys on Garmon's person and the absence of visible damage to the Corvette were controlling facts on the issue. In doing so, the court erred.
 {¶ 12} Officer Hondorf was asked on cross-examination whether Garmon had had the keys to the Corvette on his person. Officer Hondorf simply replied, "No," without further elucidation. The location of the keys was not an issue developed at the suppression hearing. Nor did it need to be because Garmon had admitted to driving the Corvette. Further, damage to the vehicle is not the exclusive evidence of erratic driving; the location of the vehicle may be evidence of erratic driving and, thus, impairment, despite the *Page 6 
absence of damage to the vehicle.[10] Therefore, the trial court improperly found the lack of keys on Garmon and the absence of damage to the Corvette controlling.
 {¶ 13} In this case, Officer Hondorf arrived on the accident scene promptly after a dispatch and found a vehicle that had been unintentionally driven off an expressway and into a ditch. The only person who had stayed at the scene exhibited signs of intoxication, admitted to consuming more than a few alcoholic drinks, attempted to cover up his operation of the vehicle by fabricating a flimsy story, and then admitted to the investigating police officer that he had driven the Corvette off the road. Based on the totality of these facts and circumstances, we hold that Officer Hondorf could reasonably infer operation while intoxicated, and, thus, Officer Hondorf had probable cause to arrest Garmon.
 {¶ 14} Garmon's argument that the state failed to establish the element of operation in accordance with this court's decision inState v. Macke[11] is feckless, as Macke involved a sufficiency review, not a probable-cause determination.
 Conclusion {¶ 15} The trial court erred in granting the motion to suppress for lack of probable cause to arrest. Accordingly, we sustain the assignment of error, reverse the trial court's judgment, and remand this case to the trial court for further proceedings consistent with the law and this decision.
Judgment reversed and cause remanded.
HILDEBRANDT, P. J., CUNNINGHAM and DINKELACKER, JJ.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71; State v. Taylor, 174 Ohio App.3d 477, 2007-Ohio-7066,882 N.E.2d 845, ¶ 11.
[2] Burnside, at ¶ 7.
[3] Id. at ¶ 8.
[4] Id; Ornelas v. United States (1996), 517 U.S. 690,116 S.Ct. 1657.
[5] State v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212,732 N.E.2d 952 (limited by statute on other grounds), citing Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223.
[6] Id.
[7] State v. Hummel, 154 Ohio App.3d 123, 2003-Ohio-4602,796 N.E.2d 558, ¶ 27, explaining Oregon v. Szakovits (1972), 32 Ohio St.2d 271,291 N.E.2d 742.
[8] Id. at ¶ 28.
[9] Crim. R. 12(F).
[10] Hummel, at ¶ 32; State v. Leveque (Sept. 30, 1993), 11th Dist. No. 92-7-208.
[11] (1998), 128 Ohio App.3d 167, 714 N.E.2d 405. *Page 1